UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------X
SANDRA WILLIAMS,

                    Plaintiff,                    **DOCKET NO.**

     -against-


ARCADIA RECOVERY BUREAU,

                    Defendant(s).
----------------------------------------------------------X

## <u>NOTICE OF REMOVAL OF ACTION</u>

TO:  THE CLERK OF THE UNITED STATES DISTRICT COURT
       FOR THE EASTERN DISTRICT OF NEW YORK


      **PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. section 1441, et seq. Defendant Arcadia Recovery Bureau, hereby removes this civil action from the District Court of the State of New York, County of Suffolk, to the United States District Court for the Eastern District of New York.

### I.  <u>PROCEEDINGS TO DATE</u>

      On or about May 17, 2017, Plaintiff, <u>Sandra Williams</u>, filed a summons and complaint dated May 17, 2017, in the civil action captioned <u>SANDRA WILLIAMS v ARCADIA RECOVERY BUREAU</u>, Index No. CV 2389/17 HU, in the District Court of the State of New York, County of Suffolk.  Defendant was served with the summons and complaint on June 8, 2017.  The notice alleges violations of the Fair Debt Collection Practices Act. The plaintiff seeks statutory and actual damages as well as attorney fees and other relief.

Copies of all pleadings and other papers plaintiff previously filed with the District Court of the State of New York, County of Suffolk are annexed hereto as Exhibit "A," as required by 28 U.S.C. Section 1446

## II.   GROUNDS FOR REMOVAL

The Court has original jurisdiction over this action because this action arises under a Law of the United States.   See 28 U.S.C. Section 1331.   This action arises under the Fair Debt Collection Practices Act, 15 U.S.C. Section 1692 et seq.   (See Exhibit "A") Accordingly, according to 28 U.S.C. Section 1331, this Court has original jurisdiction over this case.

## III.   VENUE

Plaintiff's action is pending in the District Court of the State of New York, County of Suffolk, which is within this judicial district and division.  28 U.S.C. Section 112(c).  The United States District Court for the Eastern District of New York is the District Court and Division within which the defendant may remove this action, pursuant to 28 U.S.C. Section 1441(a) and within which defendant must file this Notice of Removal, pursuant to 28 U.S.C. Section 1446(a).

## IV.   TIMELINESS

This Notice of Removal is timely filed.  Defendant has been served with a copy of the summons and complaint. Plaintiff has not filed its Affidavit of Service.   This notice of Removal complies with 28 U.S.C. Section 1446(b).

## V.   NOTICE

Pursuant to 28 U.S.C. Section 1446(b), Defendant, ARCADIA RECOVERY BUREAU is simultaneously filing a copy of this Notice of Removal with the District Court, Suffolk County. Plaintiff's counsel is also being served with a copy of this Notice of Removal.

## VI.   CONCLUSION

For the foregoing reasons, ARCADIA RECOVERY BUREAU respectfully requests that this action, previously pending in the District Court of the State of New York, County of Suffolk be removed to this Court, and that this Court proceed as if this case had been originally initiated in this Court.

Dated: New City, NY
      June 26, 2017

Respectfully submitted,

_____

ARTHUR SANDERS
BARRON & NEWBURGER, P.C.
Attorneys for Defendant
30 South Main Street
New City, NY 10956

# EXHIBIT A

170362818

DISTRICT COURT OF THE STATE OF NEW YORK

COUNTY OF SUFFOLK, THIRD DISTRICT

-------------------------------------------------------------X

SANDRA WILLIAMS,

                                    Plaintiff,

               -against-

ARCADIA RECOVERY BUREAU,

                             Defendant.

-------------------------------------------------------------X

Index No. CV 2389/17 HU

**SUMMONS**

Plaintiff's Residence Address

9 Winthrop Road

Brentwood, NY 11717

The basis of venue

Designated is Plaintiff's

Address

Defendant's Address:

645 Penn Street, 4th Floor

Reading, PA  19601

To the above named defendant(s):

    YOU ARE HEREBY SUMMONED and required to appear in the

District Court of the County of Suffolk, Third District, at the office of

the Clerk of said Court at  1850 New York Avenue, Huntington Station,

New York 11746 in the County of Suffolk, State of New York, by

serving an answer to the annexed complaint upon Plaintiff's attorney,

at the address stated below, or if there is no attorney, upon the Plaintiff

at the address stated above; upon your failure to answer, judgment will be taken against you for the relief demanded in the complaint, together with the costs of this action.

DATED:  May 17, 2017

Edward B. Geller, Esq.

Edward B. Geller, Esq., P.C.

Attorney for Plaintiff

15 Landing Way

Bronx, New York  10464

Tel:(914)473-6783

NOTE:  The law or rules of court provide that:

(a) If this summons is served by its delivery to you or (for a corporation),

an agent authorized to receive service personally within the County of Suffolk, you must answer within 20 days after such service; or

(b) if this summons is served otherwise than as designated in subdivision (a)

above, you are allowed 30 days to answer after the proof of service is filed with

the Clerk of this Court.

(c) You are required to file a copy of your answer together with proof of

service with the Clerk of the District in which the action is brought

within ten days of the service of this answer.

DISTRICT COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK

| | | |
|---|---|---|
| SANDRA WILLIAMS, | : | Index No.: |
| Plaintiff, | : | |
| -against- | : | **COMPLAINT** |
| | : | |
| ARCADIA RECOVERY BUREAU | : | |
| Defendants. | : | |

Plaintiff, SANDRA WILLIAMS ("Plaintiff"), by and through her attorneys, M. Harvey Rephen & Associates, P.C. by Edward B. Geller, Esq., P.C., Of Counsel, as and for its Complaint against the Defendant, ARCADIA RECOVERY BUREAU (hereinafter referred to as "Defendant(s)"), respectfully sets forth, complains and alleges, upon information and belief, the following:

## INTRODUCTION/PRELIMINARY STATEMENT

1.     Plaintiff brings this action on her own behalf for damages and declaratory and injunctive relief arising from the Defendant's violation(s) of §1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA").

## PARTIES

2.     Plaintiff SANDRA WILLIAMS is a resident of the State of NEW YORK, residing at 9 Winthrop Road, Brentwood, NY 11717.

3.     Defendant ARCADIA RECOVERY BUREAU is a PENNSYLVANIA company with an address at 645 PENN STREET 4TH FLOOR READING. PA 19601.

4.     The Plaintiff is a consumer as the phrase is defined in the FDCPA under 15 USC §1692a (3).

5.     The Defendant is a "debt collector" as the phrase is defined and used in the FDCPA under 15 USC §1692a (6).

6.     The within causes of action arose I the County of New York, City and State of New York.

## FACTUAL ALLEGATIONS

7.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "6" herein with the same force and effect as if the same were set forth at length herein.

8.     Upon information and belief, Defendant, on behalf of a third-party or itself as purchaser of the debt, began efforts to collect an alleged consumer debt of Plaintiff.

9.     Upon information and belief, and better known to the Defendant, the Defendant began its collection efforts and campaign of communications with the Plaintiff on February10th 2017 by placing a telephone call to the Plaintiffs house number of 212-234-7930 and leaving a voice message.

10.    The Plaintiff's house voice mail has a greeting that specifically states "Hi you have reached Lawrence and Sandra please leave a message," clearly indicating that more than just the Plaintiff resides in the home.

11.    . The Defendant left a message specifically stating it was looking for the Plaintiff and the sole intention was to collect on a debt and any information obtained

would be used for that purpose. The Defendant's message also stated the company name and a call back number of 866-585-1564.

12.     During the time that the message was left the Plaintiff's brother Lawrence Williams heard the message.

## FIRST CAUSE OF ACTION
### (Violations of the FDCPA)

13.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "12" herein with the same force and effect as if the same were set forth at length herein.

14.     Pursuant to 15 USC §1692c(b), without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than a consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector. A debt collector may not place telephone calls without meaningful disclosure of the caller's identity.

15.     The Defendant violated 15 USC §1692c(b), by communicating to the Plaintiff's brother Lawrence Williams by leaving a message on the Plaintiff's house voice mail that the Plaintiff was being contacted by a debt collector about a debt. The Defendant's message that the call was intended solely for the Plaintiff does not mitigate the violation, pursuant v. to <u>Thompson Diversified Adjustment Service, INC.</u>, No.H-12-

22,2013 WL 3973976 (S.D. Tex. July 31, 2013) where the debt collector left a message at the consumer's residence which disclosed the existence of a debt. Defendant's violation of the FDCPA is further supported by Travis Banco v Credit Collection Services Inc. N.CIV S-10-1242 FCD/EFB USDC ED. California, wherein the Court found that "Defendant cites to no authority supporting its proposition that a person must refrain from listening to a voice message in his or her own home merely because the message is for another person. Indeed, the weight of the case law militates strongly favor of the inverse conclusion."

16.   As a result of Defendant's violations of the FDCPA, the Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from the Defendants as follows:

A.   For actual damages provided and pursuant to 15 USC §1692k (a) (1) in the amount of $15,000.00;

B.   For statutory damages provided and pursuant to 15 USC §1692(2)(A);

C.   For statutory damages provided and pursuant to 15 USC§1692k(2)(B);

D.   For attorneys' fees and costs provided and pursuant to15USC§1692(a) (3);

E.   A declaration that the Defendant's practices violated the FDCPA;

F.   For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated:   May 5, 2017

Respectfully submitted,

EDWARD B. GELLER. ESQ.
EDWARD B. GELLER. ESQ.,  P.C., OF COUNSEL

M. HARVEY REPHEN & ASSOCIATES, P.C.
15 LANDING WAY
BRONX. NEW YORK  10464
TEL:(914)473-6783

*Attorney for the Plaintiff* SANDRA WILLIAMS

TO

## ATTORNEY AFFIRMATION

I, the undersigned, an attorney admitted to practice in the courts of New York State, state that I am the attorney of record for Plaintiff Sandra Williams in the within action. I have read the foregoing Summons and Complaint and same is true to my own knowledge, except as to the matters stated to be alleged on information

and belief, and as to those matters I believe it to be true, and the reason

this Affirmation is made by deponent and not by the Plaintiff is because records belonging to Plaintiff are in my possession. The grounds of deponent's belief as to all matters not stated upon deponent's knowledge

are communications with the Plaintiff and copies of Plaintiff's records in my possession.


I affirm that the foregoing statements are true, under the penalty of perjury.


Dated:  May 5, 2017

Edward B. Geller, Esq.

Edward B. Geller, Esq., P.C.